ANTHONY L. PRESS (State Bar No. 125027)
BENJAMIN J. FOX (State Bar No. 193374)
WENDY J. RAY (State Bar No. 226269)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California  90013-1024
Telephone:  213.892.5200
Facsimile:  213.892.5454
APress@mofo.com; BFox@mofo.com;
WRay@mofo.com

Attorneys for Plaintiffs
KONAMI DIGITAL ENTERTAINMENT, INC.
and KONAMI CORPORATION

COURTESY COPY FOR CHAMBERS

FILED
CLERK, U.S. DISTRICT COURT

FEB 19 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

*(Parties and Counsel Continued on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONAMI DIGITAL ENTERTAINMENT, INC. and KONAMI CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>VINTAGE SPORTS CARDS INC.; THE UPPER DECK COMPANY, a California Corporation; THE UPPER DECK COMPANY, a Nevada Corporation; and DOES 3 – 10, inclusive,<br><br>Defendants. | Case No. CV 08-06630 VBF PJWx<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING TREATMENT OF CONFIDENTIAL INFORMATION |

1

1016486

WHEREAS, the parties in the above-captioned action believe that discovery may involve the disclosure of confidential or proprietary information, including competitively sensitive information the disclosure of which would cause harm to the parties; and

WHEREAS, the parties desire to establish a mechanism to protect the disclosure of such information in this action without prejudice to any motion for further relief or modification;

The Court, having reviewed the attached Stipulation and [Proposed] Protective Order Regarding Treatment of Confidential Information, and good cause appearing, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, HEREBY ORDERS THAT:

1.   The following definitions shall apply to this order:

(a)   "Producing Party" shall mean any person or entity, regardless of whether a party to this action, who produces material in response to a discovery request made by a party to this action.

(b)   Material may be designated "Confidential" hereunder if it contains any trade secret within the meaning of California Civil Code section 3426.1 or contains other competitively sensitive information, including but not limited to competitively sensitive pricing or financial information concerning trading card game products, or non-public customer information, that a Designating Party contends may cause harm to its business operations or provide improper advantage to others and which is so designated as "Confidential" under this order.

(c)   "Qualified Person(s)" shall mean (i) counsel of record or other attorney retained by the parties in connection with this litigation; (ii) any employees of counsel of record that counsel reasonably deems necessary; (iii) the parties hereto, including as to organizations, such officers, directors and employees as the management deems reasonably necessary to prosecute or defend this action;

2

1016486

1   (iv) court reporters and videographers herein; and (v) such other persons as may

2   hereafter be qualified to receive "Confidential" material pursuant to order of the

3   Court or the provisions of paragraph 10 hereof.

4           (d)     "Designating Party" means a person or entity, regardless of

5   whether a party to this action, who designates information produced in discovery as

6   "Confidential."

7           2.      To bring any materials within this protective order, a Producing Party

8   or Designating Party shall designate it as "Confidential." If any party disagrees

9   with the proposed designation of information as "Confidential," that party shall so

10  notify the Producing Party and/or Designating Party in writing. If, after 10 days of

11  such notice, the Producing and/or Designating Party does not agree to remove its

12  designation of confidentiality as to the contested materials the party challenging the

13  designation may, subject to C.D. Cal. Local Rule 37, file a motion with the Court

14  requesting that the Court determine that such materials are not covered by the scope

15  of this protective order. The party designating the contested materials as

16  "Confidential" shall bear the burden of proving that those materials should be

17  treated as "Confidential" under this protective order. If the party challenging a

18  designation of certain materials as "Confidential" brings such a motion, the

19  materials in dispute shall be treated as "Confidential" hereunder until a final ruling

20  by the Court. The parties are expected to limit designations to genuinely

21  confidential information deserving private treatment. The parties shall be mindful

22  of the burden placed on themselves and the Court in handling "Confidential"

23  material.

24          3.      To designate any documents or things produced after the date hereof as

25  "Confidential," the Producing Party or Designating Party may mark all or part of

26  the material with the legend "Confidential." Such designation shall be made by the

27  Producing Party at the time of the production, and by any Designating Party within

28  30 days of receipt. To designate any documents or things produced before the date

3

1016486

1  hereof as "Confidential," the Designating Party may send a letter designating such

2  material with specificity to all counsel within 14 days of the entry of this Order.

3      4.    To designate deposition testimony as "Confidential," the Producing

4  Party or Designating Party shall identify passages, either on the record or by page

5  number within 14 days of production of the transcript of the deposition. Such

6  passages shall be "Confidential." Other responses to written discovery shall be

7  designated as "Confidential" by so identifying the response as "Confidential" at the

8  time of service. Parallel portions of videotaped depositions designated as

9  "Confidential" shall be "Confidential" as well.

10      5.    If any party or non-party produces, in response to discovery requests in

11  the above-captioned action, information qualifying as "Confidential" as to any other

12  party herein, then that other party (the "Designating Party") may designate such

13  information as "Confidential" by letter to all parties herein sent within 14 days of

14  production of the materials to the Designating Party.

15      6.    Any documents, deposition testimony or discovery response may be

16  designated as "Highly Confidential – Attorneys' Eyes Only" by the Producing

17  Party or a Designating Party if it contains the confidential information contained in

18  paragraph 1(b) and is so highly sensitive that its disclosure to a party, an officer,

19  director, or employee of a party, or a third party not listed in paragraph 10 would

20  reveal significant business or financial advantages of the Designating Party. To

21  designate any documents or things produced after the date hereof as "Highly

22  Confidential – Attorneys' Eyes Only," the Producing Party or Designating Party

23  may mark all or part of the material with the legend "Highly Confidential –

24  Attorneys' Eyes Only." Such "Highly Confidential – Attorneys' Eyes Only"

25  materials will be treated in accordance with paragraph 7 below.

26      7.    Any materials designated as "Highly Confidential – Attorneys' Eyes

27  Only" shall be treated in accordance with the terms of this protective order, except

28  where those terms conflict with this paragraph 7, which provides for a higher level

4

1016486

of protection for "Highly Confidential – Attorneys' Eyes Only" materials.  The

Qualified Persons who may have access to "Highly Confidential – Attorneys' Eyes

Only" materials include only (i) counsel for the parties hereto; (ii) any employees of

counsel of record that counsel reasonably deems necessary; and (iii) such other

persons as may hereafter be qualified to receive "Confidential" material pursuant to

order of the Court or the provisions of paragraph 10 hereof.  In the event that any

question is asked at a deposition that calls for the disclosure of "Highly

Confidential – Attorneys' Eyes Only" materials, any party may request that the

portion of the deposition transcript relating to such questions be treated as "Highly

Confidential – Attorneys' Eyes Only."  The entire transcript of the deposition shall

be considered "Highly Confidential – Attorneys' Eyes Only" during the designation

period.  Parallel portions of videotaped depositions designated as "Highly

Confidential – Attorneys' Eyes Only" shall be treated as "Highly Confidential –

Attorneys' Eyes Only" as well.

     8.    "Confidential" material shall be used only in connection with the

litigation of this matter and shall not be used or disclosed except in accordance with

this order.

     9.    "Confidential" material, whether in the form of documents, copies

thereof, or otherwise, shall be maintained at all times in the possession of counsel

for any of the parties, or any successor attorney or law firm for any of the parties, or

any expert retained by any party (pursuant to Paragraph 10), and no such

information or documents shall be shown to any other person or persons except for

Qualified Persons as defined herein.  The substance or content of "Confidential"

material, as well as all notes and memoranda relating thereto, shall not be disclosed

to anyone other than a Qualified Person.

     10.    Experts and consultants employed by counsel of record for the purpose

of assisting in the preparation of trial and/or trial of this action may become

Qualified Persons and have access to "Confidential" materials related to the specific

5

subject on which they may testify as an expert or on the specific subject(s) on which they are providing expert assistance for trial preparation pursuant to the following procedure:  Prior to disclosure of any "Confidential" material to said expert or consultant, the proponent thereof shall obtain a written statement by such proposed expert or consultant setting forth the name of such expert or consultant, his or her present business and residence addresses, and certifying that such proposed expert or consultant has read this Order and will at all times maintain a copy thereof in his or her possession, agrees to comply with its terms and, for the purpose of securing compliance with its terms, irrevocably submits his person to the jurisdiction of this Court.  The statement of any such expert or consultant shall be kept by the proponent counsel and a copy thereof shall be sent to all counsel within ten days of the designation of said person as an expert or the giving of testimony, whether by deposition or at trial.

11.    When documents, briefs, or memoranda containing "Confidential" material are filed with the Court, counsel for the respective parties shall advise the court clerk and comply with such procedures, as the Court allows, to maintain the confidentiality of the materials in question, including filing under seal in accordance with C.D. Cal. Local Rule 79-5.

12.    "Confidential" material may be shown to any deposition witness or interviewed witness without restriction only when that witness is shown as the author or recipient of the information.

13.    Upon final termination of this action, each party shall either destroy or return to the Designating Party all materials designated "Confidential," including all copies of such materials and all materials substantively containing summaries or information derived therefrom with the exception that counsel may retain in their files an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence (including e-mails) or attorney work product, even if such materials contain "Confidential" material (subject to the restrictions of the order).  Any such

6

1016486

1    archival copies that contain or constitute "Confidential" material remain subject to

2    this Protective Order. At the request of any party, the opposing party shall provide

3    written certification of compliance. Receipt of any documentary evidence returned

4    by the non-designating party shall, upon request made concurrently, be

5    acknowledged by the receiving party in writing.

6        IT IS SO ORDERED.

7

8    Dated: **2/19/09**

9                         The Hon. ~~Valerie Baker Fairbank~~

                          United States ~~District~~ Judge

10

11                               PATRICK J. WALSH

12    ***Counsel Continued from Caption Page***:

13    Richard K. Howell (State Bar No. 144241)
     Duke F. Wahlquist (State Bar No. 117722)
     Bradley A. Chapin (State Bar No. 232885)

14    Rutan & Tucker LLP
     611 Anton Boulevard Suite 1400

15    Costa Mesa, CA 92626-1931
     Telephone: (714) 641-5100

16    Facsimile: (714) 546-9035
     RHowell@rutan.com; DWahlquist@rutan.com

17

18    Attorneys for Defendants The Upper Deck Company,
     a California corporation, and The Upper Deck Company,
     a Nevada corporation

19

20    John H. Horwitz (State Bar No. 137192)
     SCHAFFER, LAX, McNAUGHTON & CHEN
     515 S. Figueroa St., Suite 1400

21    Los Angeles, California 90071
     Tel. (213) 337-1000

22    Fax (213) 337-1010
     horwitzj@slmclaw.com

23

24    Robert D. Coviello (State Bar No. 96370)
     LAW OFFICE OF ROBERT D. COVIELLO
     31831 Camino Capistrano, Suite 201

25    San Juan Capistrano, California 92675
     Telephone: (949) 429-7500

26    Facsimile: (949) 429-7505
     coviello@coviello-law.com

27

28

1016486

1   Jeffrey D. Burbach (Admitted *Pro Hac Vice*)
    WINSTEAD PC
2   24 Waterway Avenue, Suite 500
    The Woodlands, Texas  77380
3   Telephone:  (281) 681-5911
    Facsimile:   (281) 681-5901
4   jburbach@winstead.com

5   Attorneys for Defendant Vintage Sports Cards, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1016486

**MacNeil, Joan**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Thursday, February 12, 2009 5:49 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:08-cv-06630-VBF-PJW Konami Digital Entertainment, Inc. et al v. Vintage Sports Cards Inc. et al Stipulation for Protective Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Fox, Benjamin on 2/12/2009 at 5:48 PM PST and filed on 2/12/2009
**Case Name:**     Konami Digital Entertainment, Inc. et al v. Vintage Sports Cards Inc. et al
**Case Number:**  2:08-cv-6630
**Filer:**          Konami Digital Entertainment, Inc.
                    Konami Corporation
**Document Number:** 128

### Docket Text:
**STIPULATION for Protective Order filed by plaintiffs Konami Digital Entertainment, Inc., Konami Corporation. (Attachments: # (1) Proposed Order)(Fox, Benjamin)**

**2:08-cv-6630 Notice has been electronically mailed to:**

Anthony L Press   apress@mofo.com

Benjamin J Fox    bfox@mofo.com, jmacneil@mofo.com

Bradley A Chapin   bchapin@rutan.com

Jeffrey D Burbach   jburbach@winstead.com, jlight@winstead.com

John H Horwitz   horwitzj@slmclaw.com, John@SLMCLAW.COM

Richard K Howell   rhowell@rutan.com

Robert C Shaddox   rshaddox@winstead.com

Robert D Coviello   Coviello@Coviello-law.com, stephanie.straka@coviello-law.com

Roger F Friedman   rfriedman@rutan.com

2/12/2009

**2:08-cv-6630 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Khannan Suntharam
Winstead
1100 JP Morgan Chase Tower 600 Travis Street
Houston, TX 77002

Oren Bitan
Morrison and Foerster
555 West Fifth Street Suite 3500
Los Angeles, CA 90013-1024

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**\\pracsupla1\pracsup$\39467\20 - Vintage Sports\E-Filing\Stipulation_re_Proposed_Protective_Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/12/2009] [FileNumber=7273662-0]
[42a36e7045b33d5824aaf114b05303ee7dc2904f6addc96fd339828f26729bcaebee
ae26b77973fa2704da66249f885d61f0b4bdb8a1e49c7ccffc5a37cedfaf]]
**Document description:**Proposed Order
**Original filename:**\\pracsupla1\pracsup$\39467\20 - Vintage Sports\E-Filing\Proposed_Protective_Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/12/2009] [FileNumber=7273662-1]
[2e5eb1bd1536024b923cdf1028ec542d9a28fc18058eec1005f8a56386ab052f5320
5a13d721d17ffa94806e2a3a08294cdeba921ffbc54d36bee31925544ced]]

2/12/2009