```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                       CIVIL MINUTES -- GENERAL
```

Case No.  **CV 08-6630-VBF(PJWx)**                    Dated: **January 25, 2010**

Title:    Konami Digital Entertainment, Inc., et al. -v- Vintage Sports
          Cards, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE

          Rita Sanchez                        Rosalyn Adams
          Courtroom Deputy                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

          Benjamin J. Fox                     David H. Hochner
          Charles Patterson                   Duke Walquist
          Anthony L. Press                    Richard Howell
          Wendy J. Ray


**PROCEEDINGS:**   **PRE-TRIAL CONFERENCE**


Case called, and counsel make their appearance.

**PRE-TRIAL MOTIONS**

As more fully reflected in the reporter's notes, the Court hears argument
on pre-trial motions.  After considering the papers and the arguments
presented, including those made at the January 13, 2010 Pretrial
Conference, the Court rules on the following:

Plaintiffs' Motion in Limine #4 (dkt. #386) - DENY without prejudice
Plaintiffs' Motion in Limine #5 (dkt. #387) - DENY without prejudice
Plaintiffs' Motion in Limine #6 (dkt. #389) - DENY without prejudice
Plaintiffs' Motion in Limine #7 (dkt. #390) - GRANT without prejudice,
should such information become relevant.

Defendants' Motion in Limine #1 (dkt. #399) - GRANT without prejudice, on
grounds of Federal Rules of Civil Procedure 26, 37

                                        Initials of Deputy Clerk   rs
                             -1-                                 2:00 min

Defendants' Motion in Limine #2 (dkt. #400) - GRANT IN PART.  The Motion is GRANTED to the extent that Plaintiffs and their counsel are precluded from mentioning, referring to, or introducing into evidence any testimony or documents pertaining to Mr. Kinrich's Second Supplemental Report, on grounds that such evidence is irrelevant, as stated on the record.  The Court DEFERS ruling on the admissibility of Mr. Kinrich's opinions that Plaintiffs' damages are equal to Upper Deck's profits on its cumulative gross sales of all Yu-Gi-Oh! product between 2006 and 2009.  However, the Court orders Plaintiffs not to make any references to Mr. Kinrich's opinions on these issues in the opening statement or throughout trial, unless otherwise permitted by the Court.  The Court is not in the position at this time to entirely preclude or allow Mr. Kinrich's opinions on these issues.  Focused briefing on the first-sale doctrine and Plaintiffs' inability to apportion damages, in connection with Upper Deck's Motion in Limine No. 2 (dkt. #400), no more than 10 pages, shall be filed and served by **Friday, January 29, 2010, at 5 p.m.**

Non-Party Shinichi Hanamoto's Motion to Quash Trial Subpoena (dkt. #392) - GRANT, on grounds that Mr. Hanamoto's testimony is irrelevant.  The request for attorney's fees is DENIED.

With respect to Plaintiffs' Election of Remedies (dkts. # 467, 469), the Court finds that Plaintiffs' position is correct, and Plaintiffs are not required to elect their remedies at this time.

**PRETRIAL CONFERENCE ORDER**

As stated on the record, the Court reviews the Amended Pretrial Conference Order (dkts. #481, 481-2).  The Parties agree on the record to stipulate to a finding of willfulness.  For reasons stated on the record, the Court sustains Upper Deck's objections to Plaintiffs' remaining issues to be tried on liability, referring to Upper Deck's objections (dkt. #481-2, page 15).  The Court signs the Amended Proposed Pretrial Conference, which will be separately filed, with the following modifications:

1) Page 2, lines 1-3 are deleted;
2) Page 14, lines 14-15 are deleted; and
3) Upper Deck's request for bifurcation in the Pretrial Conference Order is DENIED.

The Court notes that there are outstanding issues raised in the Amended Pretrial Conference Order that the Parties must address before the commencement of trial:

1) Whether Upper Deck's activity effected an automatic termination of the LOI.  Is this an issue for the Court?  The Court did not make any legal

Initials of Deputy Clerk   rs
                           2:00 min

determination on this issue in connection with Plaintiffs' Motion for Partial Summary Judgment; the Court found that for purposes of Federal Rule of Civil Procedure 56, Plaintiffs did not meet their burden on this issue, as noticed and presented in their papers.  Dkt. #409.

2) Issue of concealment.  How is this issue relevant for the jury trial (i.e., which disputed issues concealment addresses)?  *See* Amended Pretrial Conference Order, page 4, lines 3-10.

3) Affirmative Defenses.  Which affirmative defenses still apply to the jury trial?  *See* Amended Pretrial Conference Order, pages 11-14.

**VERDICT FORM**

The Court and counsel discuss Plaintiffs' Amended Proposed Verdict Form and Special Interrogatories (dkt. #477), Upper Deck's Objections (dkt. #482), and Plaintiffs' Responses to Upper Deck's Objections (dkt. #484). The Court strikes Part II of the Verdict Form.

**GRAPHICS**

The Court hears argument on Upper Deck's Objections to graphics and demonstrative evidence that Plaintiffs propose to use (and which will be filed by the Parties) in its opening statement.  As reflected on the record, the Court sustains Upper Deck's objections to certain graphics, and permits Plaintiffs to use certain graphics subject to modification.

**WITNESSES**

The Court directs that counsel give advance notice to the Court of witnesses to be called the day before.  Absent a showing of good cause, witnesses are to be called only once.

Plaintiffs state they plan to read the deposition testimony of John Sepenuk.  Defendants object on hearsay grounds and that Mr. Sepenuk is not unavailable.  The Court requests focused briefing on the issue by January 25, 2010, at 8 p.m.